IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YVONNE C. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No: 3:14-cv-02328 |
| v. | ) Judge Campbell/Bryant |
| | ) |
| OCWEN LOAN SERVICING, LLC, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

To: The Honorable Judge Todd J. Campbell, United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** without prejudice and that all pending Motions (Docket Entry 18, 20 and 21) be **TERMINATED** as moot.

### I.     Statement of the Case

Plaintiff, proceeding *pro se*, filed her Complaint on December 04, 2014 alleging claims related to the foreclosure of her home. (Docket Entry 1). Claims included Fair Debt Collection Practices Act and Fair Credit Reporting Act violations, RICO violations, and intentional infliction of emotional distress. (Docket Entry 1). The District Judge then referred this action to the Magistrate Judge. (Docket Entry 11). Plaintiff timely filed an Amended Complaint, thereby replacing the original Complaint. *Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 706 n.2 (1982); (Docket Entry 15). Plaintiff does not incorporate or mention the arguments from her original Complaint in her Amended Complaint. (Docket Entry 15).

Defendants Ocwen Loan Servicing, LLC (Ocwen) and Homeward Residential, Inc. (Homeward) then filed a Motion to Dismiss on February 03, 2015.[1] (Docket Entry 18). Plaintiff filed a Motion to Amend the Complaint on February 06, 2015. (Docket Entry 20). Defendants Ocwen, Homeward, and Mortgage Electronic Registration Systems, Inc. (MERS) filed a Motion to Dismiss on February 10, 2015 with a Memorandum of Law. (Docket Entry 21 and 22). Therein, Defendants state that Plaintiff executed a promissory note with Ameriquest Mortgage Securities, Inc. (Ameriquest) for $138,750.00 on March 08, 2005 and a deed of trust in favor of Ameriquest, secured by Plaintiff's property in Nashville, Tennessee. (Docket Entry 22-1 and 22-2). Plaintiff's property was ultimately sold on January 08, 2015 at a foreclosure sale. (Docket Entry 22-4).

In the Amended Complaint, filed January 20, 2015, Plaintiff alleges that the acts of Defendants resulted in the wrongful and fraudulent foreclosure of her home. (Docket Entry 15). The Magistrate Judge has liberally construed Plaintiff's claims in light of her *pro se* status. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as explained below, Plaintiff's claims of fraud and wrongful foreclosure are state law claims and Plaintiff has failed to plead a federal question or plead the requirements of diversity jurisdiction. "[E]ven *pro se* complaints must satisfy basic pleading requirements." *Dallas v. Holmes*, 137 F. App'x 746, 750 (6th Cir. 2005)(citation omitted)(unpublished opinion). Therefore, the Magistrate Judge recommends dismissal without prejudice of this action.

The Magistrate Judge also notes that Plaintiff filed an untimely Response to Defendants' Motion to Dismiss, to which Defendants filed a Reply without leave of the Court, and Plaintiff filed a Sur-Reply, also without leave of the Court. (Docket Entry 24, 25, and 27).

---

1 The Magistrate Judge notes that Defendants failed to comply with Local Rule 7.01(a) requiring a separate memorandum of law to be filed with a motion.

## II.     Standard of Review

"Federal courts . . . possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction . . . , and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)(citation omitted). When a Court finds that there is a question as to its subject-matter jurisdiction, it must raise the issue *sua sponte. Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982).

"Federal question jurisdiction under 28 U.S.C. § 1331 is proper only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Chase Manhattan Mortgage Corp. v. Smith,* 507 F.3d 910, 914 (6th Cir. 2007)(citation and internal quotation omitted). Diversity jurisdiction under 28 U.S.C. § 1332 is proper only when the parties are citizens of different states and the amount in controversy exceeds $75,000.00. A plaintiff need not use the magic words "diversity jurisdiction" but must plead the citizenship of the corporate and individual parties as well as the amount in controversy. *Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 768-69 (W.D. Tenn. 2013)(finding that the plaintiff "pled sufficient facts to establish diversity jurisdiction" although the complaint did not specifically allege diversity jurisdiction but did state the citizenship of the parties and the required amount in controversy.).

Finally, "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties . . . ." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430-31 (2007)(citation omitted).

### III. Analysis

Here, the Magistrate Judge finds that Plaintiff fails to plead a federal question. Plaintiff argues that the foreclosure of her home was wrongful and fraudulent, and that it was done without her consent. (Docket Entry 15, pp. 2-6). Foreclosure is an issue of state law. *First Family Mortgage Corp. of Florida v. Earnest,* 851 F.2d 843, 846 (6th Cir. 1988); *Fields-Bey v. Lipford,* No. 11-2686-STA-DKV, 2012 WL 1023049, at *4 (W.D. Tenn. Mar. 26, 2012)(finding that a claim of wrongful foreclosure, among other claims, arises under state law.). Fraud is also an issue of state law. *Kimsey v. Brown & Root Const. Co.,* 805 F.2d 1034, at *1 (6th Cir. 1986)(unpublished opinion). Plaintiff cites 12 U.S.C. § 95(a)(2) and alleges that Defendants were barred from being able to foreclose on her property. (Docket Entry 15, p. 3). However, 12 U.S.C. § 95(a)(2) deals with operation of banks and the Federal Reserve during emergencies and is inapposite here. Therefore, a federal question is lacking on the face of Plaintiff's Amended Complaint.

Next, the Magistrate Judge finds that Plaintiff fails to plead the requirements of diversity jurisdiction. Plaintiff states that she is a "resident of the [c]ity of Nashville . . . in the state of Tennessee . . . ." (Docket Entry 15, p. 4). Plaintiff also states that Ameriquest, Ocwen, Homeward, and MERS "do[] business in the state of Tennessee." (Docket Entry 15, p. 4). A review of the summonses shows that Ocwen is located in Florida, Homeward is located in Texas, and Ameriquest is located in California. (Docket Entry 10, 16, and 19). However, "it is well-established that a corporation's citizenship is both its state of incorporation and its principal place of business. *See* 28 U.S.C. § 1332(c)(1). In contrast, to determine the citizenship of a limited liability company, the Court looks to citizenship of each of the limited liability company's members." *Implants Int'l, Ltd. v. Implants Int'l N. Am., LLC*, No. 08-12137, 2008 WL 4104477,

at *2 (E.D. Mich. Sept. 4, 2008)(citation omitted). Plaintiff fails to plead the state of incorporation for the corporate Defendants or the citizenship of the members of the LLC Defendants. Again, Plaintiff pleads that Defendants do business here in Tennessee.

Defendants are silent as to jurisdiction. (Docket Entry 18, 20 and 21). However, consent of the parties cannot establish diversity jurisdiction where it is otherwise lacking. *Ins. Corp. of Ireland,* 456 U.S.at 702. Moreover, consent of the parties cannot cure a basic pleading defect such as Plaintiff's failure to plead the requirements of diversity jurisdiction here.

The Magistrate Judge also notes that Plaintiff failed to serve several Defendants properly. Plaintiff addressed a summons to "Premier Building" in Brentwood, Tennessee. (Docket Entry 10). According to the certificate of service that is attached as the last page of the Amended Complaint, Premier Building is the location of Defendants Jason Mangrum, J.P. Sellers, and Lori Liane Long. (Docket Entry 15, p. 8). To the extent that these parties have not been served, Plaintiff has failed to comply with FED. R. CIV. P. 4(m). To the extent that they are properly served in the future and are citizens of Tennessee, Plaintiff will have the same problem of establishing diversity jurisdiction. Regardless, it remains that Plaintiff has failed to plead the requirements of diversity jurisdiction sufficiently. Therefore, the Magistrate Judge recommends dismissal without prejudice.

## IV. Recommendation

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** without prejudice and that all pending Motions (Docket Entry 18, 20 and 21) be **TERMINATED** as moot.

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the

findings and recommendation proposed herein.  A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 1st day of July, 2015

                                                s/John S. Bryant_____
                                                John S. Bryant
                                                U.S. Magistrate Judge